specific movable articles which are not government property or upon government property, and the whole title to which remains in the contractor until completion and acceptance by the government, and so remains subject to the enforcement of the state lien laws.

The views herein expressed are in accord with the opinion of the Attorney General of the United States, at the request of the Secretary of the Navy, on June 21, 1900, to the effect that the act in question does not relate or refer to a contract for the construction of a naval vessel. See 23 Op. Attys. Gen. 174.

If the case presented is not one contemplated by the statute, the mere giving of the bond will not entitle the plaintiffs to sue upon it. At common law an obligation to which a person is neither a party nor a privy furnishes no protection or security to that person, and the obligation to such person, if any there be, must rest upon some legislative enactment. Wilson v. Webber, 92 Hun, 466, 469, 36 N. Y. Supp. 550, affirmed 157 N. Y. 693, 51 N. E. 1094; Gifford v. Corrigan, 117 N. Y. 257, 22 N. E. 756, 6 L. R. A. 610, 15 Am. St. Rep. 508; Townsend v. Rackham, 143 N. Y. 516, 38 N. E. 731.

It follows that judgment should be rendered in favor of the defendant, in accordance with the terms of the submission, without costs. All concur.

---

## In re WESTCHESTER TRUST CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

CORPORATIONS—ELECTION OF DIRECTORS.

The filing of a resolution of a corporation reducing the number of directors, which filing is required by Stock Corporation Law, Laws 1892, p. 1829, c. 688, § 21, relates back to the meeting at which such resolution was passed, and hence, where the number of directors was reduced, an election the next day in accordance therewith was regular, although the resolution reducing the number was not filed until later.

Appeal from Special Term, Westchester County.

Application to review an election of directors of the Westchester Trust Company. From an order denying the application, petitoner appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Gerard B. Townsend, for appellant.
Ralph Earl Prime, Jr., for respondent.

GAYNOR, J. The established number of directors of the corporation was 25, but the number in office had fallen to 21 by resignations. At the annual meeting of the stockholders in 1906 they voted, pursuant to notice, and previous consent thereto of the superintendent of banks, to reduce the number to 20, and to elect only 7 at the annual election on that day, viz., 5 for three years and 2 for two years. At the election 6 were voted for for the three years term, of whom the petitioner was one. His vote being the smallest, the inspectors reported the other five elected, and that result was declared.

The petitioner's claim is that although the stockholders had on that same day before the election duly reduced the number of directors, their resolution had not yet gone into effect at the election, for lack of a transcript of the proceedings of their meeting having been filed, as required by section 21 of the stock corporation law (Laws 1892, p. 1829, c. 688), in the office where the original certificate of incorporation of the company was filed. On that basis he would be elected, for except for the reduction more than 5 directors were due to be elected in the three years class.

The transcript was filed in ten days and before this proceeding was begun. The act of reduction had therefore taken effect. It is true that the act of reduction is not complete and does not take effect until such filing (Matter of Dolgeville Elec. L. & P. Co., 160 N. Y. 500, 55 N. E. 287); but the filing relates back to the meeting of the stockholders and makes the act or resolution of reduction effective. The case cited above is not contrary to this. There the transcript was never filed, and therefore the directors who had been dropped by the reduction were still in office, from which it followed, as the court held, that the petition for a voluntary dissolution was not signed by a majority of the directors, and failed to confer jurisdiction on the Supreme Court. In this case the resolution of reduction was operative when this proceeding was begun.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.